UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

RAFAEL GUERRERO-MURO,

Petitioner,

v.

SNAKE RIVER CORRECTION,

Respondent.

Case No. 2:17-cv-00459-AA

OPINION AND ORDER

AIKEN, District Judge:

Petitioner brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that his 300-month sentence violated his rights against cruel and unusual punishment under the Eighth Amendment. Respondent argues that the petition is untimely, and petitioner's claim is barred by the statute of limitations. I agree and dismiss the petition.

BACKGROUND

In January 2010, after trial by jury, petitioner was convicted of two counts of Unlawful Sexual Penetration in the First Degree and six counts of Sexual Abuse in the First Degree. Resp't Ex. 101. Petitioner's convictions arose from the abuse of two girls who were friends of

petitioner's step-daughter. Ex. 102 at 11-16. The trial court imposed a sentence of 300 months' imprisonment on Count 3, Unlawful Penetration in the First Degree, and imposed concurrent sentences on the remaining counts. Resp't Ex. 101.

On appeal, petitioner asserted that the 300-month sentence on Count 3 violated the Eighth Amendment's prohibition against cruel and unusual punishment. Resp't Ex. 102 at 46-48. The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Resp't Exs. 106-107. On August 7, 2013, the appellate judgment issued, and petitioner's conviction became final on November 5, 2013, when the time for seeking review by the United States Supreme Court expired. *Gonzalez v. Thayer*, 565 U.S. 134, 150 (2012).

On May 30, 2014, petitioner signed a state court petition for post-conviction relief (PCR) and alleged several claims of ineffective assistance of counsel. Resp't Ex. 108. Petitioner's appointed PCR counsel subsequently moved to voluntarily dismiss his PCR petition, and the judgment of dismissal was entered on October 14, 2015. Resp't Exs. 109-11.

On October 16, 2015, petitioner wrote his PCR counsel and informed her that he had not given consent to dismiss his PCR petition. Pet'r Ex. 1 (ECF No. 34-1). On November 2, 2015, PCR counsel unsuccessfully attempted to speak with petitioner over the telephone, and on November 23, 2015, she wrote petitioner a letter and disputed his assertion that he had not agreed to dismiss his petition. Pet'r Ex. 2. PCR counsel also informed petitioner that she would mail his complete file as soon as petitioner obtained a "package consent form" and mailing sheet from his correctional institution. Pet'r Ex. 2. Counsel explained, "Due to the size of the CD-ROM and the Discovery, you will need a mailing sheet. Once I receive the mailing sheet for the packages, I will send you the files as legal correspondence in your name." Pet'r Ex. 2.

On December 7, 2015 and February 10, 2016, petitioner again wrote PCR counsel. He disputed the dismissal of his PCR petition and asked about "the amount of documents that will be sent and the CD-ROMs." Pet'r Ex. 3-4.

On March 23, 2016, PCR counsel responded to petitioner and recalled their conversations about the PCR petition and explained her decisions. Counsel indicated that she had not filed an appeal because the PCR petition was voluntarily dismissed, and she reiterated her request for a packaging slip to mail petitioner's 2,600-page file. Pet'r Ex. 6.

On April 19, 2016, petitioner submitted a package authorization form, which was mailed to PCR counsel on April 29, 2016. On May 24, 2016, petitioner received his file from PCR counsel. Resp't Ex. 121.

On June 12, 2016, petitioner moved to allow an untimely appeal of the dismissal of his PCR petition. Resp't Ex. 112. The motion was denied by the Oregon Appellate Commissioner. Resp't Ex. 113. Petitioner sought reconsideration, and the Oregon Court of Appeals denied reconsideration and the Oregon Supreme Court denied review. Resp't Ex. 114-19. On January 18, 2017, the appellate judgment issued.

On March 13, 2017, petitioner signed his federal petition for writ of habeas corpus.

## DISCUSSION

Respondent argues that the federal petition is untimely and barred from review by the relevant one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1)(A) (a petitioner must file a federal habeas petition within one year after the relevant conviction becomes final).

The statute of limitations in this case began to run on November 5, 2013, the day final appellate judgment was entered on petitioner's direct appeal. The limitations period ran for 206 days until May 30, 2014, when petitioner signed his first state PCR petition. *Id.* § 2244(d)(2) (the

limitations period is tolled during the time in which a "properly filed" application for state post-conviction relief is "pending"). After petitioner's PCR petition was dismissed on October 14, 2015, the limitations period ran for at least 486 days, from November 13, 2015 (when the time for filing a PCR appeal expired) until March 13, 2017, when petitioner signed his federal habeas petition. In total, 692 days elapsed, well beyond the one-year statute of limitations.

Petitioner does not dispute the untimeliness of his petition but argues that equitable tolling applies. Petitioner is entitled to equitable tolling "only if extraordinary circumstances beyond" petitioner's control made "it impossible to file a petition on time." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (citation omitted); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that § 2244 is subject to equitable tolling). Specifically, petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner who fails to file a timely petition due to his own lack of diligence is not entitled to equitable tolling. *Id.* Consequently, equitable tolling is "unavailable in most cases," as the threshold for its application is "very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citations omitted).

Petitioner argues that his PCR trial counsel failed to provide his file in a timely manner, constituting the "extraordinary circumstances" that caused the untimeliness of his federal petition. However, petitioner does not explain why his complete file was necessary to seek federal habeas relief, particularly when he had previously raised his federal issue on direct appeal and was able to file a pro se PCR petition. Moreover, in November 2015, PCR counsel indicated that petitioner's file was ready for mailing and directed petitioner to obtain the requisite mailing

forms; petitioner did not obtain the required authorization until April 2016. Even then, petitioner chose to pursue an untimely appeal in state court rather than protectively file a federal petition.

Accordingly, petitioner fails to establish that extraordinary circumstances prevented him from filing his habeas petition within the statute of limitations.

## CONCLUSION

The Petition for Writ of Habeas Corpus (ECF No. 2) is DENIED as untimely and this case is DISMISSED with prejudice. A Certificate of Appealability is denied on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

DATED this 4th day of April, 2019.

Ann Aiken
United States District Judge